Elizabeth Hopkins – CA State Bar No. 324431
  E-mail: ehopkins@kantorlaw.net
Susan Meter – CA State Bar No. 236133
  E-Mail: smeter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
DONALD A. WALLACE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD A. WALLACE, | Case No. 8:20-cv-00242-JVS-DFM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALIGHT SOLUTIONS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKT. NO. 29]** |
| INTERNATIONAL PAPER COMPANY, A New York Corporation; FIDUCIARY REVIEW COMMITTEE Of The RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY; PLAN ADMINISTRATOR Of The RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY; And ALIGHT SOLUTIONS LLC (Formerly Known As Hewitt Associates LLC), | Date:       June 8, 2020<br>Time:       1:30 p.m.<br>Ctrm:       Santa Ana #10C<br>Judge:     Hon. James V. Selna |
| Defendants. | Complaint Filed: February 6, 2020<br><br>Trial Date: None Set |

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................. 1

STATEMENT OF FACTS ..................................................................... 3

THE STANDARD OF REVIEW FOR A MOTION TO DISMISS. ....................... 4

ARGUMENT ....................................................................................... 6

    I.    CONSTRUING ERISA'S FIDUCIARY STATUS LIBERALLY, THIS COURT SHOULD FIND PLAINTIFF HAS PLAUSIBLY ALLEGED A CLAIMS FOR VIOLATION OF ERISA. ................................................................... 6

    II.   SIMILARLY, THE COURT SHOULD NOT DISMISS THE CO-FIDUCIARY CLAIM ........................................................ 12

    III.  PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED BY ERISA ........................................................ 13

    IV.  ALIGHT'S CITED AUTHORITY DOES NOT SUPPORT PREEMPTION ............................................................... 15

    V.   PLAINTIFF HAS STATED A CLAIM FOR PROFESSIONAL NEGLIGENCE ............................................................. 16

    VI.  PLAINTIFF HAS STATED A CLAIM FOR NEGLIGENT MISREPRESENTATION, IN THE ALTERNATIVE ..................... 17

    VII. PLAINTIFF'S ALLEGATIONS SUPPORT THE REMEDY OF SURCHARGE ............................................................... 19

    VIII. ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED .................................................................. 20

CONCLUSION ................................................................................... 20

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

## **FEDERAL CASES**

*Abraham v. Norcal Waste Systems, Inc.*,
  265 F.3d 811 (9th Cir. 2001) ......................................................14, 15

*Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*,
  125 F.3d 715 (9th Cir. 1997) ...........................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................4

*Bafford v. Northrop*,
  No. 2:18-CV-10219-ODW-E(x), 2020 WL 70834 (C.D. Cal. Jan. 7, 2020) ........10

*Barker v. American Mobil Power Corp.*,
  64 F.3d 1397 (9th Cir.1995) ..............................................................8

*Brandon v. Health Net Health Plan of Oregon, Inc.*,
  2019 WL 5712730 (D. Ore. 2019).......................................................5

*Brenner v. Metro. Life Ins. Co.*,
  2013 WL 1337367 (D. Mass. 2013) ...................................................16

*Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*,
  971 F.2d 272 (9th Cir. 1992) ..............................................................5

*Brobeck, Phleger & Harrison v. Telex Corp.*,
  602 F.2d 866 (9th Cir. 1979) ..............................................................6

*California Div. of Labor Standards Enforcement v. Dillingham Constr.*,
  519 U.S. 316 (1997) .........................................................................13

*CIGNA v. Amara*,
  563 U.S. (2011)...........................................................................2, 19

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) ............................................................4

*Custer v. Sweeney*,
  89 F.3d 1156 (4th Cir. 1996) ............................................................15

*Dawson-Murdock v. Nat'l Counseling Grp., Inc.*,
  931 F.3d 269 (4th Cir. 2019) ..............................................................4

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

*Farr v. U.S. West Corp., Inc.*,
  151 F.3d 908 (9th Cir. 1998) ...................................................................8

*Fossen v. Blue Cross & Blue Shield of Mont., Inc.*,
  660 F.3d 1102 (9th Cir. 2011) .........................................................13, 14

*Gabriel v. Alaska Elec. Pension Fund*,
  773 F.3d 945 (9th Cir. 2014) ...............................................................19

*Gen. Am. Life Ins. Co. v. Castonguay*,
  984 F.2d 1518 (9th Cir.1993) .........................................................14, 16

*Gerosa v. Savasta & Co.*,
  329 F.3d 317 (2d Cir. 2003) .................................................................15

*Groves v. Kaiser Health Plan Inc.*,
  2014 WL 12644296 (N.D. Cal. July 10, 2014) ....................................16

*Guerra-Delgado v. Popular, Inc.*,
  No. CIV. 11-1535 JAF, 2012 WL 1069703 (D.P.R. Mar. 29, 2012).................11

*Heldt v. Guardian Life Ins. Co. of Am.*,
  No. 16-CV-00885-BAS-NLS, 2017 WL 5194600 (S.D. Cal. Nov. 9, 2017) .13, 14

*In re Enron Corporation Securities, Derivative & ERISA Litigation*,
  284 F. Supp. 2d 511 (S.D. Tex. 2003) ...................................................8

*Ingersoll-Rand Co. v. McClendon*,
  498 U.S. 133 (1990).............................................................................13

*IT Corp. v. Gen. Am. Life Ins. Co.*,
  107 F.3d 1415 (9th Cir. 1997) ..............................................................10

*Johnson v. Couturier*,
  572 F.3d 1067 (9th Cir. 2009) ...........................................................4, 8

*Knappenberger v. City of Phoenix*,
  566 F.3d 936 (9th Cir. 2009) ...............................................................20

*Lebahn v. Nat'l Farmers Union Uniform Pension Plan*,
  828 F.3d 1180 (10th Cir. 2016) ......................................................10, 11

*Livick v. Gillette Co.*,
  524 F.3d 24 (1st Cir. 2008).................................................................10

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) (en banc......................................................20

*Mackey v. Lanier Collection Agency & Serv., Inc.*,
486 U.S. 825 (1988)................................................................................14

*Marder v. Lopez*,
450 F.3d 445 (9th Cir., 2006) ...............................................................5

*McMorgan & Co. v. First California Mortg. Co.*,
916 F. Supp. 966 (N.D. Cal. 1995)..........................................................7

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
514 U.S. 645 (1995)................................................................................14

*Parsons v. Board of Trustees of the Nev. Resort Ass'n, I.A.T.S.E. Local 702 Ret. Plan*,
2013 WL 5324946 (D. Nev. Sept. 20, 2013) .............................................16

*Paulsen v. CNF, Inc.*,
559 F.3d 1061 (9th Cir. 2009) .................................................2, 14, 15, 16

*Paulsen v. CNF, Inc., No. C*,
03-03960 JW, 2010 WL 11614257 (N.D. Cal. Jan. 13, 2010) ...........................17

*Phelps v. C.T. Enters.*,
394 F.3d 213 (4th Cir. 2005) ...............................................................10

*Providence Health Plan v. McDowell*,
385 F.3d 1168 (9th Cir.2004) ...............................................................14

*Reichert v. Time Inc.*,
2011 WL 5294844 (N.D. Cal. Aug. 1, 2002) .............................................16

*Roach v. Mail Handlers Ben. Plan*,
298 F.3d 847 (9th Cir. 2002) ...............................................................14

*Rosenburg v. Int'l Bus. Machines Corp.*,
2006 WL 1627108 (N.D. Cal. June 12, 2006)..........................................5, 7

*Schonbak v. Minn. Life*,
2016 WL 9525592 (S.D. Cal. Sept. 30, 2016)..........................................5, 7

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989) ..................................................................... 7

*Wise v. Verizon Commc'ns, Inc.*,
    600 F.3d 1180 (9th Cir. 2010) ................................................................. 15

**<u>STATE CASES</u>**

*Continental Mfg. Corp. v. Underwriters at Lloyds London*,
    185 Cal.App.2d 545 (Dist.Ct.App.1960) ..................................................... 6

*Prouty v. Gores Technology Group*,
    121 Cal. App. 4th 1225 (Cal. Ct. App. 2004) ........................................... 17

*Schauer v. Mandarin Gems of California, Inc.*,
    125 Cal. App. 4th 949 (Cal. Ct. App. 2005) ............................................. 17

**<u>FEDERAL STATUTES</u>**

29 U.S.C. § 1002(21)(A) ............................................................................... 8

29 U.S.C. § 1104(a) ...................................................................................... 8

29 U.S.C. § 1104(a)(1)(D) .......................................................................... 12

29 U.S.C. § 1105(a) .................................................................................... 12

**<u>FEDERAL RULES</u>**

Rule 12(b)(6) ................................................................................................. 4

**<u>OTHER AUTHORITIES</u>**

Restatement of Contracts § 235(c) (1932) ................................................... 6

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

Plaintiff has sufficiently alleged Alight Solutions LLC ("Alight") was acting in a fiduciary capacity when it prepared and provided pension benefit statements to Plaintiff and breach that fiduciary duty. By the very nature of accepting the delegation of a critical fiduciary function, providing benefit statements, Alight became an ERISA fiduciary for that purpose. As a fiduciary, Alight had the duty to provide exercise care in providing complete *and accurate* information, which it failed to do. ERISA fiduciaries are held to the highest standard under the law and do not hold the privilege of escaping liability for material errors.

Alight's facts are somewhat contradictory as to why this occurred. First, Alight says the benefit statements were wrong because "of erroneous historical data for Plaintiff for the period he worked at Crown Zellerbach/Gaylord Container Company." Dkt. 29-1, at 6. Alight then says the overstatement was a result of an improper application of the terms of the retirement plan. *Id.* When Alight called to inform Plaintiff of the overstated value of his pension it simply said, "there was an audit." Complaint ¶ 44.

Regardless of the reason for the overstatement of the benefit, Alight was a fiduciary and did not simply "calculate" the pension benefits. It created and provided benefit statements to Plaintiff, an act which is not ministerial in nature but, rather, a fiduciary act.

Alight highlights the word "estimate" to argue providing benefit statements is not a fiduciary act but, rather, only a calculation and ministerial in nature. But the word "estimate" is derived from ERISA's disclosure requirements itself, as discussed herein, and is not a basis for claiming this duty was ministerial in nature or that Alight did not have a duty of accuracy.

Plaintiff has also sufficiently alleged a claim for breach of co-fiduciary duties. As the fiduciary responsible for carrying out the duty of providing pension statements, Alight necessarily had to be familiar with all terms of the Plan document. The

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

document provides the Fiduciary Review Committee *must* review the performance of allocated fiduciary duties. The Complaint alleges these erroneous statements were provided for years and shows the Fiduciary Review Committee was not performing this function with the prudence required under ERISA or with the frequency required by the Plan document. Plaintiff has alleged Alight had knowledge its performance was not being reviewed as required by the Plan and, as a fiduciary, it had a duty to take reasonable steps to remedy the breach and it did not. This is a straight-forward co-fiduciary duty allegation, and not convoluted as Alight suggests.

While Plaintiff asserts the allegations are sufficient to state a claim for breach of fiduciary duty under ERISA, Plaintiff has additionally alleged sufficient facts for the alternative state law claims. The Court need not reach Alight's preemption argument at this stage because the fiduciary status of Alight is not yet fully developed. However, if Alight was not a fiduciary, ERISA does not preempt Plaintiff's claims based on professional negligence and negligent misrepresentation under California law. *Paulsen v. CNF, Inc.,* 559 F.3d 1061, 1079 (9th Cir. 2009). Alight's reliance on a district court decision not in line with *Paulsen* is misplaced and not precedent for this Court. Alight also fundamentally misunderstands the Ninth Circuit opinion on preemption as explained in *Paulsen.*

Further, Plaintiff's Complaint plausibly states a claim for professional negligence and negligent misrepresentation under state law, having set forth facts that Plaintiff is a third-party beneficiary to the Administrative Services Agreement and reasonably relied on the benefit statements that Alight prepared.

Finally, Alight's argument that surcharge is an inappropriate remedy is both premature and flatly wrong. Alight argues surcharge is not available because it is not a fiduciary. Plaintiff does not disagree, but if Alight is a fiduciary then surcharge is an available remedy for the breach in accordance with *CIGNA v. Amara*, 563 U.S. 316 (2011). None of Alight's argument regarding surcharge support dismissal of the remedy. Alight's Motion should be denied in its entirety.

## STATEMENT OF FACTS

For numerous years, Alight sent pension benefit statements to Plaintiff which grossly misrepresented his benefit.  Plaintiff's Complaint [Dkt. 1] ("Complaint") ¶¶ 22-23, 25, 35, 36, 38-40, 42-43, 44.  Plaintiff justifiably relied on these benefit statements in making a lifetime decision to end his employment and accept a severance agreement with International Paper.  *Id*. ¶¶ 25, 28, 47-49.  After two monthly payments of the benefit, Alight called to inform Plaintiff his benefit had been miscalculated, for many years.

The benefit plan at issue is a defined benefit plan as defined by ERISA Section 3(2).  Complaint ¶ 12.  The Plan provides the Fiduciary Review Committee is the named fiduciary with the power to appoint the Plan Administrator.  Complaint ¶ 6.  The Plan document delegates the fiduciary duty to the Plan Administrator to exercise authority or control respecting management of the Retirement Plan.  Among such duties allocated to the Plan Administrator is the duty to determine the amount of benefits payable to any person.  Complaint ¶ 7.  The Plan Administrator also has the authority to designate other persons to carry out its fiduciary duties.  *Id.*

While the Plan document does not explicitly state who bears the fiduciary responsibility of providing benefit statements to participants, pursuant to ERISA's disclosure requirements, either the Fiduciary Review Committee or the Plan Administrator was required to fulfill this duty and the duty was delegated to Alight.  Complaint ¶¶ 8, 11, 25, 35, 40, 64-65.

In purported compliance with ERISA's alternative method of meeting the requirement to actively provide defined benefit plan participants with a statement at least once every three, Alight provided an online platform for participants to request statements.  Complaint ¶ 11.  Plaintiff accessed Alight's online platform to request statements numerous times over the years and watched his retirement benefit grow as he continued to work for International Paper.  *Id*. ¶ 22.

Unbeknownst to Plaintiff, these benefit statements were not complete and accurate as they significantly overstated Plaintiff's pension benefit. This was a critical component and material inducement to accept the severance package from International Paper and leave his job, which he otherwise had no intentions of doing. Complaint ¶¶ 27-31. Due to International Papers' acquisitions of prior companies for which Plaintiff worked, and Plaintiff was a participant in multiple components of the Plan, Plaintiff had no reasonable way to verify his pension benefit on his own. *Id*. ¶¶ 21, 49. Plaintiff relied, to his detriment, on Alight's failure to provide complete and accurate pension statements and has been harmed by its failure. *Id*. ¶¶ 47-49, 66, 67, 84-85, 88-92.

In addition, the Plan document mandates the Fiduciary Review Committee the duty to monitor the duties of any fiduciary appointed on a quarterly basis. Complaint ¶ 13. Alight knew the Fiduciary Review Committee was the oversight authority and was not in fact complying with this provision of the Plan. Alight had a duty to notify the Fiduciary Review Committee of its failure to provide oversight of its performance. *Id*. ¶ 76.

## **THE STANDARD OF REVIEW FOR A MOTION TO DISMISS.**

In considering a Rule 12(b)(6) motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The motion should be denied if the claim is plausible on its face, that is, if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Ninth Circuit "construe[s] ERISA fiduciary status liberally, consistent with ERISA's policies and objectives" as a remedial statute. *Johnson v. Couturier*, 572 F.3d 1067, 1076 (9th Cir. 2009) see also *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 276–79 (4th Cir. 2019). Moreover, the question of whether

4

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

conduct was fiduciary in nature "require[s] a searching inquiry into the facts and is therefore inappropriate for resolution on a motion to dismiss." *Rosenburg v. Int'l Bus. Machines Corp.*, 2006 WL 1627108, at *5 (N.D. Cal. June 12, 2006) (declining to decide at pleadings stage whether employer acted as fiduciary in allegedly failing to credit compensation under plan); *accord Schonbak v. Minn. Life*, 2016 WL 9525592, at *4 (S.D. Cal. Sept. 30, 2016) (declining to decide at pleadings stage whether employer acted as fiduciary in misrepresenting plaintiff's coverage and benefits under plan). See also *Brandon v. Health Net Health Plan of Oregon, Inc.*, 2019 WL 5712730 *2 (D. Ore. 2019).

Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *Marder v. Lopez*, 450 F.3d 445 (9th Cir., 2006) (citations omitted). A court may consider evidence which the complaint "necessarily relies if (1) the complaint references the document, (2) the document is central to the plaintiff's claim and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Id*.

Defendant requests the court to consider two documents attached to the Declaration of Mr. Marusik. Dkt. No. 29-2, Exhibit 1 is described as "excerpts" from its Administrative Services Agreement with International Paper. Defendant uses this Agreement to argue it had no discretionary authority over the management or administration of the Retirement Plan." *Id*. at 4:4-6.

The Complaint does not allege Alight "contracted" to be a fiduciary to the Plan. Rather, the allegations are limited to the services Alight actually performed which made it a fiduciary. Plaintiff alleges Alight was hired to provide pension benefit statements and an online platform for participants to request participants statements. Complaint ¶¶ 10-11.

Defendant cannot cherry pick the "Fiduciary Status" portions of the Administrative Services Agreement to support its Motion because "a contract should be interpreted so as to give meaning to each of its provisions." *Brinderson-Newberg*

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

*Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 279 (9th Cir. 1992); see also *Continental Mfg. Corp. v. Underwriters at Lloyds London*, 185 Cal.App.2d 545 (Dist.Ct.App.1960) ("It is a cardinal rule in interpretation of contracts that the contract is to be taken by its four corners and so construed as to give effect to every part of it, if possible."); *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866 at 872 (9th Cir. 1979) (contracts should be interpreted to be "internally consistent"); Restatement of Contracts § 235(c) (1932) ("A writing is interpreted as a whole").

Here, because Alight had provided only excerpts, the Court cannot interpret its terms and should not be relied upon by the Court in deciding this Motion, which only highlights why this matter should not be decided on the pleadings.

Moreover, while Plaintiff has alleged Alight contracted with International Paper to provide administrative services, the allegations do not rely on the existence of the agreement nor is the agreement central to Plaintiff's fiduciary breach or state law claims. Plaintiff has alleged Alight provided misinformation in the benefit statements. This has no relationship to the contents of the agreement and is irrelevant to the claims.

## ARGUMENT

For the reasons set forth below, Alight's Motion to Dismiss should be denied in its entirety. Plaintiff also incorporates by reference the arguments made in Plaintiff's Opposition to the International Paper Defendants' Motion to Dismiss, filed simultaneously.

## I. CONSTRUING ERISA'S FIDUCIARY STATUS LIBERALLY, THIS COURT SHOULD FIND PLAINTIFF HAS PLAUSIBLY ALLEGED A CLAIMS FOR VIOLATION OF ERISA.

Alight has not set forth any arguments for why this court should step outside the norm and make a determination on a motion to dismiss about Alight's fiduciary status. Plaintiff does not dispute that the first step for a breach of fiduciary duty is whether defendant was acting in a fiduciary capacity. However, at the motion to dismiss stage

6

it is premature to make this determination. See *Rosenburg v. Int'l Bus. Machines Corp.*, No. C 06-0430 PJH, 2006 WL 1627108 at *5 (N.D. Cal. June 12, 2006) (declining to decide fiduciary status at pleadings stage); see also *Schonbak v. Minnesota Life*, No. 16CV00295 DMS (JMA), 2016 WL 9525592 at *3 (S.D. Cal. Sept. 30, 2016) (where Plaintiff alleged Defendant "made repeated misrepresentations regarding Schonbak's coverage and benefits due to Plaintiff under the Supplemental Plan. …the question of whether the conduct complained of was ministerial or fiduciary in nature is a factual question that is inappropriate for resolution on [motion to dismiss]".). Plaintiff here alleges Alight's conduct was a fiduciary act and Alight argues it was ministerial in nature. The court should decline to determine at this stage whether the alleged acts were not fiduciary.

Alight relies heavily on *CSA 401(k) Plan v. Pension Professionals, Inc.;* however, *CSA* was an appeal from a motion for summary judgment and wholly inapplicable to the determination of fiduciary status on a motion to dismiss. Even at the summary judgment stage, it may be inappropriate for a court to determine whether Alight is an ERISA fiduciary. This was addressed in *McMorgan & Co. v. First California Mortg. Co.*, 916 F. Supp. 966, 974 (N.D. Cal. 1995) where the court explained:

> Given the factual inquiry required to determine whether or not FCMC acted as a fiduciary, it would be premature to grant summary judgment in its favor at this stage of the litigation. The Court must allow McMorgan discovery because it is possible that McMorgan may be able to discover the 'requisite jurisdictional facts' to support its claim that FCMC is an ERISA fiduciary.

(citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

If the Court does engage in a determination of Alight's fiduciary status, Plaintiff has plausibly alleged it was acting in a fiduciary capacity. ERISA provides

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

"fiduciaries include not only those specifically named in the employee benefit plan…but also any individual" who meets the standard set forth in ERISA's definition of "fiduciary." *Johnson v. Couturier*, 572 F.3d 1067, 1076 (9th Cir. 2009) (citations omitted). ERISA provides "a person is a fiduciary with respect to a plan to the extent" that he "exercises any discretionary authority or control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).

ERISA was enacted for the specific purpose of "protect[ing]…the interests of participants in employee benefit plans…by requiring the disclosure and reporting to participant…of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefits plans." ERISA requires a "fiduciary" to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a); *Farr v. U.S. West Corp., Inc.*, 151 F.3d 908, 914 (9th Cir. 1998). A "'fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information.'" *Id.* at 914, (citing *Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir.1995)). See also *In re Enron Corporation Securities, Derivative & ERISA Litigation*, 284 F. Supp. 2d 511, 562 (S.D. Tex. 2003) ("[I]n light of an ERISA fiduciary's duties of loyalty, care, skill, prudence and diligence, the plaintiffs had stated a claim generally for breach of a fiduciary duty to disclose material information").

Under ERISA Section 502, a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of [Title I] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [Title I] or the terms of the plan.." Section 105 is in Title I of ERISA and as such is a fiduciary requirement, and anyone delegated with authority to perform this duty becomes a fiduciary for that purpose. Plaintiff has alleged Alight

8

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

was delegated this duty. To explain, the duty to provide statements lies in Section 105(B) of ERISA which states, in relevant part:

> (B)…The administrator of a defined benefit plan…shall furnish a pension benefit statement—(i) at least once every 3 years… and (ii) to a participant…upon written request. Information furnished under clause (i) to a participant may be based on reasonable estimates determined under regulations prescribed by the Secretary, in consultation with the Pension Benefit Guaranty Corporation.

(emphasis added). Section 105(a)(3) provides an alternative to compliance with Section 105(B):

> In the case of a defined benefit plan, the requirements of paragraph…(B)…shall be treated as met with respect to a participant if at least once each year the administrator provides to the participant notice of the availability of the pension benefit statement and the ways in which the participant may obtain such statement.

(emphasis added).

Plaintiff plausibly alleges Alight was hired to carry out certain fiduciary responsibilities, including providing pension benefit statements. Complaint ¶ 10. Plaintiff further alleges the services included providing an online platform whereby a participant can request a benefit statement…in purported satisfaction of the Fiduciary Review Committee's and/or the Retirement Plan Administrator's obligations under ERISA Section 105. *Id.* ¶ 11.[1] These allegations are sufficient to meet the first element of a breach of fiduciary duty claim because Plaintiff has alleged Alight was

---

[1] If it was not the Fiduciary Review Committee's or the Plan Administrator's intent to delegate the duty to fulfill ERISA's disclosure requirement under 105, then the Fiduciary Review Committee or the Plan Administrator failed to provide a statement as alleged in Count IV.

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

acting as a fiduciary in fulfilling the duty of providing statements.

Alight argues these were not "pension statements" under ERISA Section 105 because they were merely "estimates." But as the statute states, every pension benefit statement is necessarily going to be an estimate. Highlighting the word "estimate" does not make the act ministerial or mean these were not benefit statements. Indeed, the language of ERISA Section 105 specifically provides a pension statement may be based on "reasonable estimates." This is logical. Until a person retires, the assumptions used to prepare the benefit statement will change and benefit statements will always be an estimate of a future benefit.

As argued above, the Court should decline to consider the Administrative Services Agreement. However, if the Court denies this request, Plaintiff asserts a contract does not dictate fiduciary status. "A person who functions as a fiduciary may face liability under ERISA even if the terms of a contract state that the person is not a fiduciary…the court will look to the actual control and authority an individual exercises over the plan." *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1418–19 (9th Cir. 1997). See also *Phelps v. C.T. Enters.*, 394 F.3d 213, 221 (4th Cir. 2005) (a party that voluntarily assumes responsibility of a fiduciary becomes subject to the obligations of a fiduciary under ERISA).

Alight's reliance on *Bafford v. Northrop*, No. 2:18-CV-10219-ODW-E(x), 2020 WL 70834 (C.D. Cal. Jan. 7, 2020), is not surprising as it was a defendant in that case, but its reliance is misplaced because that decision, currently on appeal, incorrectly relied on two cases, wholly distinguishable from the fiduciary acts alleged in this complaint. The *Bafford* court cites *Lebahn v. Nat'l Farmers Union Uniform Pension Plan*, 828 F.3d 1180, 1186 (10th Cir. 2016) and *Livick v. Gillette Co.*, 524 F.3d 24, 29-30 (1st Cir. 2008). *Bafford*, 2020 WL 70834, at *6. The court said "as in both *Lebahn* and *Levick*, Hewitt simply miscalculated Plaintiffs' pension benefits and provided those miscalculations to Plaintiff." *Id.*

10

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant
Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

*Lebahn* is distinguishable, however because the plaintiff's allegations in that case were based on a calculation provided to Mr. Lebahn on a phone call. The court wrote:

> Hoping to retire, Mr. Lebahn contacted Ms. Eloise Owens, a
> consultant hired by his company's pension plan, to ask what his
> monthly pension payment would be. Ms. Owens told Mr.
> Lebahn that if he retired soon, he would be entitled to
> $8,444.18 per month. At Mr. Lebahn's request, Ms. Owens
> checked her calculations and assured Mr. Lebahn that the
> figure she had quoted was correct. Mr. Lebahn then retired and
> soon began receiving monthly checks of $8,444.18.

*Lebahn* at 1182. Lebahn had not alleged this consultant was serving in the fiduciary capacity of providing written benefit statements, a very different issue.

As for *Livick*, first, this was decided at the motion for summary judgment stage. Additionally, the facts are very distinguishable from the facts in this case. In *Livick*, Plaintiff did not make allegations of fiduciary status based on delegation of a fiduciary responsibility, as Plaintiff has alleged here. More on point is *Guerra-Delgado v. Popular*, Inc., No. CIV. 11-1535 JAF, 2012 WL 1069703, at *4 (D.P.R. Mar. 29, 2012) which distinguished *Livick*, explaining "[t]he actions that Plaintiff alleges go well beyond merely mechanical calculations of benefit estimates, as Movants contend. This is not a case in which a human resources officer provided calculations that contradicted an otherwise clear, written policy provided by the employer." The Court emphasized that, in *Livick,* the plaintiff had already received clear written notice that prior employment years would not be considered as part of current employer's pension plan.

Because the allegations of this Complaint plausibly allege that Alight was acting as a fiduciary in providing benefit statements, the court should deny Alight's motion to dismiss.

## II. SIMILARLY, THE COURT SHOULD NOT DISMISS THE CO-FIDUCIARY CLAIM

The co-fiduciary claim hinges on Alight's status. As argued above, Alight is a fiduciary because it accepted and performed the fiduciary function described in ERISA 105. ERISA co-fiduciary provision, Section 405(a) provides:

> In addition to any liability which he may have under any other
> provision of this part, a fiduciary with respect to a plan shall be
> liable for a breach of fiduciary responsibility of another
> fiduciary with respect to the same plan in the following
> circumstances…(2) if, by his failure to comply with §404(a)(1)
> in the administration of his specific responsibilities which give
> rise to his status as a fiduciary, he has enabled such other
> fiduciary to commit a breach; or (3) if he has knowledge of a
> breach by such other fiduciary, unless he makes reasonable
> efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). While section (2) is limited to "administration of his specific responsibilities" section (3) is not. If a fiduciary knows of another fiduciary's breach he must make reasonable efforts to remedy the breach. Plaintiff has alleged the Plan document requires the Fiduciary Review Committee to review Alight's administration on a quarterly basis and Alight knew the Fiduciary Review Committee Alight was not reviewing its delegated fiduciary function. Failure to follow the terms of a Plan document (unless otherwise prohibited) is a violation of ERISA. 29 U.S.C. § 1104(a)(1)(D).

Unlike the cases cited by Alight, here, the duty to monitor is written into the Plan document and its failure to perform the quarterly reviews *is* the breach. Alight further argues that, even if there was a duty to monitor, the Fiduciary Review Committee did not have a duty to check Alight's math on every single benefit calculation performed. Dkt. 29-1, at 16. Plaintiff concedes this point, but Alight

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

misses the issue. The Fiduciary Review Committee was required to monitor the "benefit statements" being prepared by Alight as the appointed fiduciary. Given Alight's own admission concerning the difficulty of determining who was a participant, due to International Paper acquisition of various companies over the years, the quarterly monitoring duty is all the more important. Dkt. 29-1, at 5 (Alight states that to determine the benefits of participants in multiple components of the Plan requires a separate calculation for each component and the use of historical data from legacy companies). Certainly, this is the type of benefit statement the Fiduciary Review Committee would want to ensure complied with the terms of the Plan. Plaintiff has not alleged Alight was a fiduciary for any other purpose other than the benefit statements, therefore, the Fiduciary Review Committee was required to review the performance of that specific function it so delegated.

## III. PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED BY ERISA

At the pleadings stage, both the ERISA and alternative state-law claims should go forward because the Court cannot decide preemption until it decides whether Alight was a fiduciary. If the Court does engage in a determination of whether ERISA preempts the alternative state law claim, the court must have made a determination Alight is not a fiduciary. If Alight is not a fiduciary then it is a non-fiduciary service provider.

ERISA preempts state laws "insofar as they…relate to any employee benefit plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990). "[T]he Supreme Court has instructed that a law relates to an employee benefit plan if it has either a 'connection with' or 'reference to' such a plan. *Heldt v. Guardian Life Ins. Co. of Am., No.* 16-CV-00885-BAS-NLS, 2017 WL 5194600, at *5 (S.D. Cal. Nov. 9, 2017) (citing *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102 (9th Cir. 2011); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990); *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 324 (1997)).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Thus, ERISA preemption requires a two-part inquiry. *Fossen* at 1081-82. The first part is whether the state law has "reference to" an employee benefit plan. *Heldt* at *5, citing *Paulsen*, 559 F.3d at 1082. A state law has "reference to" a plan "if it has either a 'connection with' or a 'reference to' such a plan[.]" *Paulsen* at 1082. The term "'relates to' must be read in the context of the presumption that in fields of traditional state regulation 'the historic police powers of the States [are] not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress.'" *Roach v. Mail Handlers Ben. Plan*, 298 F.3d 847, 850 (9th Cir. 2002) (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). Thus, ERISA does not preempt "run-of-the-mill state-law claims" simply because they involve an ERISA plan. *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833 (1988).

The Ninth Circuit has found that California negligence claims do not have a connection with or reference to a benefit plan. See *Paulsen* at 1082, *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 820 (9th Cir. 2001); *Arizona State Carpenters Pension Trust Fund v. Citibank* (Arizona), 125 F.3d 715, 724 (9th Cir. 1997).

The second part of the inquiry is whether the state law has a "connection with" a benefit plan. Courts employ a "relationship test" to determine whether a state law has a "connection with" a plan. "A state law claim is preempted "when the claim bears on an ERISA-regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee." *Paulsen* at 1082-1083 (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir.2004)); *see also Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir.1993) ("The key to distinguishing between what ERISA preempts and what it does not lies…in recognizing that the statute comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

benefit plan is involved), and between plan and trustee."); *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 820–21 (9th Cir. 2001) (same); *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003) (trustees' claims against actuaries for negligent advice about the plan's funding status were not preempted because ERISA does not preempt "garden-variety state-law malpractice or negligence claims against non-fiduciary plan advisors, such as accountants, attorneys, and consultants"); *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996) (joining "unanimous body of federal law" holding that state law malpractice claims involving professional services to ERISA plans are not preempted).

Alight does not, and cannot, argue that California's law of professional negligence and negligent misrepresentation acts immediately and exclusively on ERISA plans, or that the existence of an ERISA plan is essential to these laws' operation. Instead, Alight argues that the actuarial services in *Paulsen* were "a step removed from the relevant plan." Dkt. 29-1, at 21. Alight misunderstands the holding of *Paulsen* because that is not how the "reference to" part of preemption works. It is the state law itself that must have the prohibited reference – not a claim brought under the state law. *Paulsen*, 559 F.3d at 1065.

Here, if Alight is not an ERISA fiduciary then it is a non-fiduciary service provider. ERISA does not preempt Plaintiff's state law negligence claims because these laws do not "relate to" pension benefit plans and do not bear on an ERISA regulated relationship (i.e. Alight as a non-fiduciary service provider and Plaintiff).

## IV.    ALIGHT'S CITED AUTHORITY DOES NOT SUPPORT PREEMPTION

Alight's reliance on *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180 (9th Cir. 2010), is misplaced. In *Wise*, the Ninth Circuit held that an employee's state-law misrepresentation claims against her <u>employer</u> arising from a denial of long-term disability benefits were preempted by ERISA. *Id.* at 1190-91. ERISA of course regulates the relationship between <u>employer</u> and employee with respect to benefits.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

*See General Amer. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993). Plaintiff does not dispute this type of relationship is preempted.

Alight cites district court decisions finding claims against plan fiduciaries preempted, but these cases have no application at this stage of the litigation because Alight contests its fiduciary status. In *Parsons v. Board of Trustees of the Nev. Resort Ass'n, I.A.T.S.E. Local 702 Ret. Plan*, 2013 WL 5324946 (D. Nev. Sept. 20, 2013), the defendant service provider conceded its fiduciary status. *Id.* at *4. Therefore, the Plaintiff's negligence claim bore on an ERISA-regulated relationship and was preempted. *Id.* at *14; *see Reichert v. Time Inc.*, 2011 WL 5294844, *4-*5 (N.D. Cal. Aug. 1, 2002) (defendants owed fiduciary duties to plaintiff; state-law claim was preempted). Again, Plaintiff agrees that if Alight acted in a fiduciary capacity, they cannot sue Alight under state law. That is why Counts VI and VII are in the alternative to Plaintiff's ERISA claims.

Alight's reliance on the district court's decision in *Groves v. Kaiser Health Plan Inc.*, 2014 WL 12644296, *1-*2 (N.D. Cal. July 10, 2014), is also misplaced because that decision also erroneously ignored *Paulsen* and held that negligence claims under California state against a non-fiduciary service provider were preempted. Similarly, Alight's reliance on *Brenner v. Metro. Life Ins. Co.*, 2013 WL 1337367 (D. Mass. 2013), is misplaced because the District of Massachusetts is not required to follow the precedence set by the Ninth Circuit.

## V. PLAINTIFF HAS STATED A CLAIM FOR PROFESSIONAL NEGLIGENCE

Alight argues Plaintiff's complaint fails to allege a claim for professional negligence because Plaintiff is not a third-party beneficiary to the contract between Alight and International Paper. In doing so, Alight again ignores the precedent set forth in *Paulsen* on this issue. The *Paulsen* district court, on remand, said: "the Ninth Circuit remanded to this Court to determine, based on the facts alleged in the operative Complaint, whether the plan participants are intended third party

16

Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant Alight Solutions LLC's Motion To Dismiss Plaintiff's Complaint [Dkt. No. 29]

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

beneficiaries of Tower Perrin's service agreement." *Paulsen v. CNF, Inc*., No. C 03-03960 JW, 2010 WL 11614257, at *1 (N.D. Cal. Jan. 13, 2010). The district court engaged in a lengthy analysis of precedent in this circuit. "While persons 'only incidentally or remotely benefited by the contract are not entitled to enforce it,' it is not necessary that both of the contracting parties intend to benefit the third party in order to impart intended beneficiary status. Rather, it is only necessary that the promisor "understood that the promisee had such intent. No specific manifestation by the promisor of an intent to benefit the third person is required." *Id.* at *2 (quoting *Schauer v. Mandarin Gems of California, Inc*., 125 Cal. App. 4th 949, 958 (Cal. Ct. App. 2005)). "Generally, it is a question of fact whether a particular third person is an intended beneficiary of a contract." *Id*. (citing *Prouty v. Gores Technology Group*, 121 Cal. App. 4th 1225 (Cal. Ct. App. 2004)).

Alight cannot just ignore precedence in this circuit. Plaintiff is an intended third-party beneficiary to the service contract with Alight and has sufficient state a claim for professional negligence.

## VI.   PLAINTIFF HAS STATED A CLAIM FOR NEGLIGENT MISREPRESENTATION, IN THE ALTERNATIVE

Plaintiff has plausibly plead an alternative state law claim for negligence misrepresentation. Alight argues Plaintiff has not sufficiently alleged justifiable because Alight must lack "reasonable grounds" for believing the pension statements were untrue *or* Plaintiff's reliance was justifiable. Alight argues this claim fails because Plaintiff cannot allege justifiable reliance as a matter of law. Plaintiff's allegations satisfy both.

As alleged, Alight holds itself out as having "40+ years of knowledge, expertise, and innovation managing retirement plans for large organizations, **helping people save, plan and retire confidently**." Complaint ¶ 9 (emphasis added). Alight also admits the amount of his benefit was difficult to determine stating "Plaintiff was a participant in multiple components of the Retirement Plan – all of which provided

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

benefits under the umbrella Retirement Plan. To determine the total pension benefits for Plaintiff, both components had to be separately calculated using historical data from the legacy companies Plaintiff was employed with before he formally joined International Paper." Dkt. 29-1, at 5. Not only would this mean Plaintiff has a heightened reliance on Alight to determine his benefit, due to its complicated nature and the fact he would not have otherwise been able to calculate this himself, but the fact that it is a complicated plan also means Plaintiff had to rely on Alight's claimed knowledge and expertise. Plaintiff had no other method or means of determining the amount of his benefit except through the statements provided by Alight. His reliance on Alight to use its claimed knowledge and experience is justified.

Furthermore, the pension benefit statements state that they are prepared "using your personal information on file, the assumptions you entered…and the current terms of the Retirement Plan." Dkt. 29-1, at 23. Plaintiff has not alleged, and Alight has not argued, that any of the assumptions Plaintiff entered had any effect on the outcome. Yet, Alight argues Plaintiff had no basis to justifiably rely on the pension statements. Alight's argument that it reserved a right to correct any errors and the terms of the Plan is misplaced. A determination of Plaintiff's justifiable reliance has no correlation with this disclosure because Alight stated the statement was based on "the current terms of the Retirement Plan." Alight cannot say the statement is prepared using the terms of the Plan and then say the Plan terms may be different." This defies common sense. This contradiction of information in and of itself is negligence misrepresentation. The statement either is or is not prepared in accordance with the terms of the Plan. Alight cannot have it both ways.

Finally, Alight argues this was just an "honest mistake." This is a defense to the claim of negligence and not a basis to conclude that Plaintiff has failed to sufficiently allege a claim for negligent misrepresentation. Moreover, a determination of an "honest mistake" would require a fact determination not appropriate for a motion to dismiss.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff has sufficiently alleged justifiable reliance to state a claim for negligent misrepresentation.

## VII. PLAINTIFF'S ALLEGATIONS SUPPORT THE REMEDY OF SURCHARGE

Alight's final argument is that if the Court does not dismiss the ERISA fiduciary claims against Alight, it should decide on this motion to dismiss whether surcharge is the appropriate remedy. It first makes this argument on the basis it was not a fiduciary, rehashing its prior arguments, which has no bearing on the surcharge remedy. If Alight is determined not to be a fiduciary, Plaintiff does not dispute that surcharge under ERISA is not an appropriate remedy for the state law claims.

However, if Alight is a fiduciary, and is found to have breached its fiduciary duties to Plaintiff, surcharge is the appropriate remedy in accordance with *CIGNA v. Amara*. Alight acknowledges this precedent. However, relying on *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014), Alight argues surcharge is only an appropriate remedy if there was "unjust enrichment by the fiduciary or losses to the trust resulting from a fiduciary's breach." Dkt. 29-1, at 24. *Amara* does not limit surcharge to unjust enrichment or losses *to the trust*, rather, *Amara* held surcharge is an appropriate remedy "for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *CIGNA Corp. v. Amara* at 441. Alight further argues the Plaintiff's request for surcharge is "individualized compensatory damages" and not permitted under ERISA (relying on select portions of *Gabriel* inconsistent to the allegations of this Complaint). In accordance *Amara*, Plaintiff has sufficiently alleged loss resulting from Alight's fiduciary breaches. Complaint ¶¶ 67 and 79. Surcharge is an appropriate remedy and not a basis to dismiss any of the Counts in the Complaint.

**KANTOR & KANTOR LLP**
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## VIII.  ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED

In the Ninth Circuit, if a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir.  2009) (*quoting Lopez v.  Smith*, 203 F.3d 1122, 1127 (9th Cir.  2000) (*en banc*)).   Plaintiff requests leave to amend in the event the Court grants any part of this Motion.

## <u>CONCLUSION</u>

Plaintiff respectfully requests that this Court deny Alight's Motion to Dismiss and allow him to pursue the claims in this case.

Respectfully submitted

Dated:  June 8, 2020                    KANTOR & KANTOR, LLP

By:    */s/ Draft*_____
Elizbeth Hopkins
Attorneys for Plaintiff,
DONALD A.  WALLACE